This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Gregory Felber, appeals the decision of the Medina County Court of Common Pleas, which sentenced him to a term of three years imprisonment and suspended his driver's license for a period of ten years. We affirm.
 I.
{¶ 2} On February 23, 2001, Mr. Felber attended a Cavs basketball game in Cleveland. While coming home from the basketball game, Mr. Felber fell asleep at the wheel and hit two minivans that were parked on the side of the road. Several passengers in the minivans sustained serious injuries.
{¶ 3} Trooper Sankoe of the Ohio State Highway Patrol was dispatched to the scene. Upon arriving on the scene, Trooper Sankoe spoke with Mr. Felber. Trooper Sankoe noticed an odor of alcohol on Mr. Felber's breath and his eyes appeared bloodshot and glassy. Trooper Sankoe then administered several field coordination tests. Based upon Mr. Felber's performance, Trooper Sankoe placed Mr. Felber under arrest. Mr. Felber was advised of his Miranda rights and transported to the highway patrol post.
{¶ 4} At the highway patrol post, Mr. Felber was again advised of his Miranda rights and agreed to give a statement and submit to a breathalyzer test. The breathalyzer test yielded a result of 0.178.
{¶ 5} Mr. Felber was indicted on two counts of aggravated vehicular assault, in violation of R.C. 2903.08. After initially pleading not guilty, Mr. Felber changed his plea to no contest. The trial court accepted Mr. Felber's plea, found him guilty on both counts, and sentenced him to three years imprisonment and suspended his driver's license for a period of ten years.
{¶ 6} Mr. Felber timely appealed setting forth one assignment of error for review.
 ASSIGNMENT OF ERROR
{¶ 7} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT-APPELLANT TO A PRISON TERM OF THREE YEARS ON BOTH COUNTS TO RUN CONCURRENTLY AND A TEN YEAR LICENSE SUSPENSION."
{¶ 8} In his sole assignment of error, Mr. Felber argues that the trial court abused its discretion by sentencing him to more than the minimum sentence for the crime for which he was convicted. Specifically, Mr. Felber avers that due to the fact that he had not previously served a prison term, he should have been sentenced to a prison term of one year, the shortest term allowed by statute. We disagree.
{¶ 9} When reviewing an appeal of a sentence, an appellate court may remand the matter to the trial court for resentencing if the court finds that the trial court clearly and convincingly acted contrary to law or the record. R.C. 2953.08(G)(1). Clear and convincing evidence is that "`which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Cincinnati BarAssn. v. Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
{¶ 10} Mr. Felber appears to argue that the trial court did not properly consider the factors set forth in R.C. 2929.12(E). The Supreme Court of Ohio addressed the issue of what R.C. 2929.12 requires the trial court to do in State v. Arnett (2000), 88 Ohio St.3d 208, 215, holding that:
{¶ 11} "The Code does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." Id., citing R.C. 2929.12.
{¶ 12} At Mr. Felber's sentencing hearing, the trial court stated:
{¶ 13} "I have reviewed the presentence report in this matter and I have had a chance to consider the factors in favor of and against incarceration and imprisonment under Section 2929.11, 12, and 13 of the Revised Code."
{¶ 14} In its journal entry, the trial court stated:
{¶ 15} "The Court has considered the record, oral statements, any victim impact statement and presentence report prepared *** and has balanced the seriousness and recidivism factors under Ohio Revised Code section 2929.12
{¶ 16} "***
{¶ 17} "The Court has considered the purposes and principles in Revised Code Section 2929.11 and the factors under section 2929.12."
{¶ 18} We are satisfied that the trial court properly considered the factors set forth in R.C. 2929.12(E) in reaching its sentencing decision.
{¶ 19} Mr. Felber pled no contest to and was found guilty of two counts of aggravated vehicular assault, a felony of the third degree. See R.C. 2903.08(B)(1). Pursuant to R.C. 2929.14(A)(3), the basic prison terms that may be imposed by the trial court for a felony of the third degree are definite terms of one, two, three, four, or five years. R.C.2903.08(B)(1) further provides that "[i]n addition to any other sanctions imposed, the court shall suspend the offender's driver's license *** for a definite period of two to ten years[.]" The trial court sentenced Mr. Felber to three years imprisonment and a driver's license suspension of ten years.
{¶ 20} R.C. 2929.14 governs the sentence that may be imposed by a trial court when the defendant is convicted of a felony, a prison sentence is imposed, and the defendant has not previously served a prison term. Under R.C. 2929.14(B), a trial court may impose more than the minimum sentence on a offender who has not previously served a prison term if "[t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B)(2). In interpreting this requirement, the Supreme Court of Ohio has held that: "the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." State v. Edmonson (1999), 86 Ohio St.3d 324, 326.
{¶ 21} In the present case, the trial court stated its reasons for imposing a sentence greater than the minimum at the sentencing hearing and in its journal entry. At the sentencing hearing, the court stated: "The minimum sentence would demean the seriousness of the offense based upon the factors that I have indicated." In its journal entry, the court stated: "The Court finds pursuant to Revised Code section 2929.14(B) that: the shortest prison term will demean the seriousness of the defendant's conduct."
{¶ 22} In addition, Mr. Felber challenges the trial court's imposition of a driver's license suspension of ten years. R.C.2903.08(B)(1) provides, in relevant part:
{¶ 23} "In addition to any other sanctions imposed, the court shall suspend the offender's driver's license *** for a definite period of two to ten years pursuant to section 4507.16 of the Revised Code[.]"
{¶ 24} Given the seriousness of the injuries incurred by the multiple victims in this case, we cannot conclude that the trial court abused its discretion in imposing a driver's license suspension of ten years.
{¶ 25} A review of the record confirms that the trial court made the requisite findings for imposing a more than minimum sentence and a driver's license suspension of ten years. Accordingly, Mr. Felber's sole assignment of error is overruled.
 III.
{¶ 26} The judgment of the Medina County Court of Common Pleas is affirmed.
SLABY, P.J. and WHITMORE, J., CONCUR.